IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDALL MEYERS,**

    **Plaintiff,**

vs.   No. 4:22-cv-00074-LPR

**AUTODESK, INC.**

    **Defendant.**

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER FOR *FORUM NON CONVENIENS***

Defendant Autodesk, Inc. (hereinafter, "Autodesk" and/or "Defendant") submits the following memorandum of law in support of its Motion to Dismiss or, Alternatively, to Transfer for *Forum Non Conveniens*.

## BACKGROUND

Plaintiff, Kendall Myers ("Myers") filed suit in the Circuit Court of Faulkner County, Arkansas on November 2, 2021. Defendant Autodesk was served with the Complaint on December 30, 2021 and timely removed the suit to this Court.

In his Complaint, Plaintiff alleges a single count of race discrimination in violation of Title VII of the Civil Rights Act of 1964. He claims he was subjected to racially offensive comments in February 2021, that he reported the comments to human resources, and that he was ultimately constructively discharged. *See* Complaint ¶¶ 5-8.

At all times relevant to his Complaint, Plaintiff worked for Autodesk in Atlanta, Georgia. *See* Exh. A. Upon information and belief, Plaintiff now lives in Faulkner County, Arkansas. *See*

1

Complaint ¶1. Defendant has no location in Arkansas, maintains no records in Arkansas, and there is no connection between the allegations in Plaintiff's Complaint and Arkansas. *See* Exh. A. Accordingly, venue is not proper in this Court.

## ARGUMENT

A. <u>Plaintiff's Complaint Should Be Dismissed Because Arkansas is an Improper Venue</u>.

It is well established that a defendant may move to dismiss an action that is not filed in the proper venue. *Fed. R. Civ. P*. 12(b)(3). When reviewing a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), courts apply the same standard used for other motions to dismiss. *Twin Lakes Sales, LLC v. Hunter's Specialties, Inc*., 2005 U.S. Dist. LEXIS 13453, 2005 WL 1593361, at *1 (D. Minn. July 6, 2005). "With respect to the well-pleaded facts in a plaintiff's complaint, in the 12(b)(3) context, the majority of circuit courts . . . accept these facts as true . . . to the extent that such facts are uncontroverted by [the] defendant's affidavit." Kranos, 2017 U.S. Dist. LEXIS 138108, 2017 WL 3704762, at *2. If a defendant submits affidavits or other evidence contradicting specific venue allegations in a plaintiff's complaint, the court is no longer required to accept those venue allegations as true. *Id*.; *see also Minn. Supply Co. v. Mitsubishi Caterpillar Forklift Am. Inc*., 822 F. Supp. 2d 896, 914 n.26 (D. Minn. 2011) (stating that "a court need not defer to a plaintiff's venue allegations where they are contradicted by the defendant['s] affidavits").

Plaintiff's complaint alleges only violations of Title VII of the Civil Rights Act. In Title VII actions, venue is controlled by the specific venue provisions in 42 U.S.C. § 2000e-5(f)(3), as opposed to the general federal venue statute. *See, e.g., Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991); *Brigdon v. Slater*, 100 F. Supp. 2d 1162, 1163 (W.D.

Mo. 2000); *Abelstein v. Johanns*, 2006 U.S. Dist. LEXIS 39746, at *3 (E.D. Mo. June 15, 2006). This statute provides that an employment discrimination action may be brought:

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, (4) such an action may be brought within the judicial district in which the respondent had his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff makes no allegations whatsoever in his Complaint to support Arkansas as a proper venue for his Title VII action. The most that Plaintiff asserts is that he "is and was at all times relevant hereto a citizen of the United States of America, and a resident of Conway, Faulkner County, Arkansas." *See* Complaint, ¶2. Plaintiff goes on to allege that Defendant is "a California corporation license [sic] to do business in Arkansas." *Id.* at ¶3.

Defendant has no physical location in Arkansas, does not maintain a presence in Arkansas, maintains no records in Arkansas, and Plaintiff did not work for Defendant while living in Arkansas. Plaintiff worked for Defendant in Atlanta, Georgia at all times relevant to his Complaint. Consequently, Plaintiff cannot satisfy any of the four options for proper venue for a claim under Title VII of the Civil Rights Act, and his Complaint should be dismissed.

   B. <u>Alternatively, This Action Should be Transferred for Forum Non Conveniens</u>.

If this Court determines that dismissal is not an appropriate remedy, it should still transfer this litigation to the United States District Court for the Northern District of Georgia because Arkansas bears no relationship to this action. Although a plaintiff's choice of forum is typically afforded significant weight, courts have created an exception where the chosen forum bears no relationship to the claim at issue. *See, e.g., St.Cyr v. Greyhound Lines, Inc.*, 486 F.Supp. 724 (E.D.

N.Y. 1980) (deference due plaintiff's choice of forum was seriously undermined by the fact that none of the conduct alleged in the lawsuit occurred within the district); *First Bank of Marietta v. Bright Banc Savings Ass*., 711 F. Supp. 893, 897 (S.D. Ohio 1988) (court recognized that several other jurisdictions have held that deference to the plaintiff's forum selection "has minimal value when none of the conduct complained of has occurred in the forum selected by the plaintiff").

In deciding whether to transfer, a court may consider the convenience of the parties, the convenience of witnesses, the availability of judicial process to compel the attendance of unwilling witnesses, avoidance of multiple litigation, access to relevant sources of proof and the interests of justice in general. *Houk v. Kimberly-Clark Corp*., 613 F.Supp. 923, 927 (W.D. Mo. 1985).

Here, Plaintiff alleges race discrimination in violation of Title VII based upon events he claims took place throughout his employment from June 28, 2020 through his alleged constructive discharge on or about July 6, 2021. He asserts that he reported these issues to human resources, and that an investigation was conducted. *See*, e.g., Complaint ¶8; Complaint, Exh. A. Plaintiff worked for Autodesk in Georgia, therefore any events which support or refute the allegations in his Complaint would have necessarily occurred in Georgia. Any records or witnesses to support or refute Plaintiff's claims would be located in Georgia and, in any event, would not be located in Arkansas since Defendant has no location in the state. There is simply no relationship between Arkansas and the claims asserted in Plaintiff's Complaint. Accordingly, if this Court determines that dismissal of Plaintiff's litigation is not an appropriate remedy, Defendant respectfully asserts that this action should be transferred to the United States District Court for the Northern District of Georgia.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for lack of proper venue or, alternatively, transfer this action to the United States District Court for the Northern District of Georgia.

Dated: May 12, 2022

Respectfully submitted,

M. Kimberly Hodges (AR Bar No. 2019018)
Kim.hodges@ogletree.com
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
6410 Poplar Avenue, Suite 300
Memphis, Tennessee  38119
Telephone:  (901) 766-4306
Facsimile:  (901) 767-7411

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, the undersigned counsel, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record on this the 12th day of May, 2022.

 M. Kimberly Hodges
(#2019018)