IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDALL MEYERS,**

        **Plaintiff,**

v.	Case No. 4:22-cv-00074-LPR

**AUTODESK, INC.,**

        **Defendant.**

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE OR ALTERNATIVELY, TO TRANSFER FOR *FORUM NON CONVENIENS***

Comes now the Plaintiff, Kendall Meyers, and for his brief in support of his Response to Defendant's Motion to Dismiss, states the following:

1. Plaintiff Kendall Meyers filed suit in Circuit Court of Faulkner County, Arkansas where he currently resides. In his complaint, Plaintiff alleges race discrimination in violation of Title VII of the Civil Rights Act of 1964 while employed at Defendant Autodesk, Inc. Plaintiff does allege that he was the victim of racially offensive comments and behavior over video chat, zoom and emails while employed at Autodesk, Inc.

2. At all times, Plaintiff worked remotely during his entire position and tenure at Autodesk, Inc. due to Covid. The allegations alleged in Plaintiff's complaint occurred over zoom and emails. During his entire employment at Autodesk, Inc., Plaintiff traveled back and forth between Arkansas and Georgia for personal reasons. Due to the allegations in Plaintiff's

Complaint, Plaintiff has not had employment since his job ceased with Autodesk, Inc. Plaintiff does not have the monetary means to travel back and forth to Georgia to pursue his claim.

## ARGUMENT

### A.      Plaintiff's Complaint should NOT Be Dismissed

3. It is well established that a sheer number of witnesses will not decide which way the convenience factor tips. *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334 (N.D. Iowa 1996). Defendant claims that Plaintiff's should be dismissed because the employment was scheduled to be in Atlanta, Georgia. However, all racially offensive conduct happened over zoom and emails, not in the office. Defendant states nothing further as to a request to dismiss the lawsuit other than the witnesses and paperwork is in Atlanta, Georgia. The evidence occurred over zoom, video chat and emails which are easily accessible and deliverable in this forum. Covid has changed how law is practiced.

4. Plaintiff agrees the venue is controlled by a specific statute. Again, Plaintiff alleges the racially offensive conduct happened over zoom and emails, not in the office. Because all of his employment happened over zoom, video chat and emails, Plaintiff was able to travel at his leisure back and forth between Arkansas and Georgia. Plaintiff requests this court to rule that dismissal is inappropriate.

### B.      Plaintiff's Action Should NOT Be Transferred

5. Plaintiff's action should not be transferred again because sheer number of witnesses will not decide which way the convenience factor tips. *Terra Int'l., Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334 (N.D. Iowa 1996). "Section 1404(a) accords the district court much discretion in deciding such motions. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544,

546-47, 99 L.Ed. 789 (1955)." *Terra Intern., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 697 (8th Cir. 1997).

6. Additionally, "a transfer motion requires the court to consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." *See* 28 U.S.C. § 1404 (a); 15 Wright, Miller, and Cooper, supra § 3847. "A review of the district court's opinion reveals that the court meticulously analyzed the numerous criteria that courts traditionally consider when deciding a motion to transfer. Under the general category titled "Balance of Convenience" the district court considered (1) the convenience of the parties, (2) the convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Terra*, 922 F. Supp. at 1357-61. "Under the category titled "Interest of Justice" the court also considered (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.* at 1361-63. "These considerations parallel the factors that courts typically analyze under section 1404(a)." *See*, e.g., *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (*quoting Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

7. Plaintiff worked remotely during his entire position and tenure at Autodesk, Inc. due to Covid. The allegations alleged in Plaintiff's complaint occurred over zoom and emails. During his entire employment at Autodesk, Inc., Plaintiff traveled back and forth between

Arkansas and Georgia for personal reasons. Due to the allegations in Plaintiff's Complaint, Plaintiff has not had employment since his job ceased with Autodesk, Inc. Plaintiff does not have the monetary means to travel back and forth to Georgia to pursue his claim.

CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

*/s/LaTonya Austin Honorable*
LaTonya Austin Honorable ABN 2002102
THE AUSTIN LAW FIRM, PLLC
P.O. Box 6466
Sherwood, AR 72124-6466
Phone 501-541-0599
Fax 501-834-2022

**CERTIFICATE OF SERVICE**

I, LaTonya Austin Honorable, hereby certify that on this 31st day of May 2022, I have delivered a true copy of the above-named pleading/document to the following person(s) or attorney(s) of record via Federal electronic filing system to the following:

M. Kimberly Hodges
Ogletree, Deakins, Nash,
Smoak & Stewart, PC
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119

*/s/LaTonya Austin Honorable*
LaTonya Austin Honorable ABN 2002102