IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDALL MEYERS,**

       **Plaintiff,**

vs.                                               No. 4:22-cv-00074-LPR

**AUTODESK, INC.**

       **Defendant.**

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO
TRANSFER FOR *FORUM NON CONVENIENS***

Defendant Autodesk, Inc. (hereinafter, "Autodesk" and/or "Defendant") submits the following reply memorandum of law in support of its Motion to Dismiss or, Alternatively, to Transfer for *Forum Non Conveniens*.

## INTRODUCTION

Plaintiff, Kendall Myers ("Plaintiff" or "Myers") has responded to Autodesk's Motion to Dismiss merely by arguing that (1) because he alleges that harassment occurred over email, Arkansas is a proper venue, and (2) he doesn't have the resources to travel to Georgia to pursue his litigation. At all times relevant to his Complaint, Plaintiff worked for Autodesk in Atlanta, Georgia. *See* Memo in Support of Motion, Exh. A. Defendant has no location in Arkansas, maintains no records in Arkansas, and there is no connection between the allegations in Plaintiff's Complaint and Arkansas. *Id.* As a result, Plaintiff's claim should be dismissed or, alternatively, transferred to Georgia.

1

**ARGUMENT**

    A.    <u>Dismissal of Plaintiff's Complaint is Proper</u>.

42 U.S.C. § 2000e-5(f)(3) sets out the specific criteria governing venue in Title VII actions. All of the statutory factors demonstrate that Arkansas is an improper venue for Plaintiff's suit, and Plaintiff has offered no legitimate argument to indicate otherwise. At most, Plaintiff argues without legal support that Arkansas is a proper venue because his claim is based upon email, rather than in-person, communications. This argument is simply not correct.

First, Plaintiff's insistence that his allegations regarding harassment over email communications bears on venue is entirely unsupported by the Title VII venue statute. The factors for consideration in venue for a Title VII action are:

> (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, (4) such an action may be brought within the judicial district in which the respondent had his principal office.

42 U.S.C. § 2000e-5(f)(3). None of these factors leave room for a conclusion that a case premised upon allegations of discrimination and/or harassment that took place over email communications impacts determination of the proper venue.

Plaintiff does not dispute that he was employed in Georgia, that the work of his department was performed in Georgia, or that all of the witnesses are located in Georgia. He claims only that he worked remotely, and traveled back and forth between Georgia and Arkansas for personal reasons and due to COVID, but provides no argument or legal basis for this action meeting the requirements to establish venue in Arkansas. *See* Response, p. 2. In a similar vein, remote work has been found to be insufficient to establish personal jurisdiction. *See, e.g., Cafesjian v. Armenian*

*Assembly of Am., Inc.*, Civ. No. 07-2079, 2007 U.S. Dist. LEXIS 103304, 2008 WL 906194, at *10 (D. Minn. Mar. 31, 2008) (citing *Lucachick v. NDS Ams., Inc.*, 169 F. Supp. 2d 1103 (D. Minn. 2001)) ("An agent's decision to work from home in the forum state generally does not bind an entity to personal jurisdiction in that state where the purpose of the arrangement is merely for the agent's personal convenience.").

Defendant has no physical location in Arkansas, does not maintain a presence in Arkansas, maintains no records in Arkansas, and Plaintiff did not work for Defendant while living in Arkansas, despite his assertion that he traveled to Arkansas for personal reasons. If this slight argument were sufficient to establish venue in Arkansas, the venue statute would lose all meaning. Defendant has provided clear evidence and legal basis to establish that this case has been improperly filed in Arkansas. Dismissal, therefore, is the proper remedy under Federal Rule of Civil Procedure 12(b)(3).

   B. <u>Plaintiff's Convenience is an Insufficient Basis for Establishing Venue in Arkansas</u>.

Plaintiff next argues that he is unable to travel to Georgia to pursue this action and the existence of all witnesses in Georgia is not determinative. While convenience of a party can be considered, Plaintiff's convenience under these circumstances should be given very little weight, because it was his personal choice to move to Arkansas and file his litigation in the State. This is particularly true where all of the alleged conduct, the defendant, and all records are located elsewhwere. *See, e.g., St.Cyr v. Greyhound Lines, Inc.*, 486 F.Supp. 724 (E.D. N.Y. 1980) (deference due plaintiff's choice of forum was seriously undermined by the fact that none of the conduct alleged in the lawsuit occurred within the district); *First Bank of Marietta v. Bright Banc Savings Ass.*, 711 F. Supp. 893, 897 (S.D. Ohio 1988) (court recognized that several other

jurisdictions have held that deference to the plaintiff's forum selection "has minimal value when none of the conduct complained of has occurred in the forum selected by the plaintiff").

In contrast to Plaintiff's connection with Arkansas, Defendant Autodesk, all other witnesses, and all documents are maintained outside of Arkansas. Furthermore, Defendant has no location in Arkansas. Plaintiff alleges race discrimination, that he reported his complaints to Defendant's human resource department, and that his complaint was investigated. *See*, e.g., Complaint ¶8. None of this alleged or actual activity would have occurred in Arkansas. There is no relationship whatsoever between Arkansas and the claims asserted in Plaintiff's Complaint. Accordingly, if this Court determines that dismissal of Plaintiff's litigation is not an appropriate remedy, Defendant respectfully asserts that this action should be transferred to the United States District Court for the Northern District of Georgia.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for lack of proper venue or, alternatively, transfer this action to the United States District Court for the Northern District of Georgia.

Dated: June 8, 2022                                            Respectfully submitted,

**M. Kimberly Hodges**
AR Bar No. 2019018
Attorney for Defendant Autodesk, Inc.
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
Memphis, Tennessee  38119
Telephone:  (901) 766-4306
Facsimile:  (901) 767-7411

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record, on this the 8th day of June, 2022.

M. Kimberly Hodges (AR 2019018)
*Counsel for Defendant*

51818450.v1-OGLETREE