IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENDALL MEYERS**                                                              **PLAINTIFF**

v.                                         Case No. 4:22-CV-00074-LPR

**AUTODESK, INC.**                                                              **DEFENDANT**

### ORDER

Plaintiff Kendall Meyers brings this racial-discrimination suit under Title VII of the Civil Rights Act of 1964.[1] Defendant Autodesk, Inc. has moved to dismiss, arguing that the Eastern District of Arkansas is not a proper venue for Mr. Meyers's lawsuit.[2] Autodesk is correct. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

### BACKGROUND

Mr. Meyers worked "as a Segment BDR Manager" for Autodesk from June of 2020 until July of 2021.[3] He alleges that he began to experience racial discrimination at work in February of 2021. At that time, a white coworker questioned whether Mr. Meyers, who is black, "was growing his hair into an afro."[4] The alleged discrimination continued in May of 2021 when Mr. Meyers's coworkers circulated a disparaging photograph of his face.[5] The photograph was allegedly

---

[1] Compl. (Doc. 2) at 1. It is unclear whether Plaintiff's last name is spelled "Meyers" or "Myers." His Complaint and briefing both use "Meyers." *Id.*; Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 23). The EEOC Charge of Discrimination attached to his Complaint uses "Myers." Ex. A (EEOC Charge) to Compl. (Doc. 2). The affidavit he filed as part of his opposition to Autodesk's Motion to Dismiss uses both spellings. Meyers Aff. (Doc. 29). Autodesk's briefing primarily uses "Myers." Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 21) (using "Meyers" in the case caption but "Myers" throughout the remainder of the brief). The Court uses "Meyers" to remain consistent with Plaintiff's Complaint and briefs.

[2] Def.'s Mot. to Dismiss (Doc. 20).

[3] Compl. (Doc. 2) ¶ 3; Ex. A (EEOC Charge) to Compl. (Doc. 2).

[4] Compl. (Doc. 2) ¶ 5.

[5] *Id.* ¶ 6.

"circulated to make fun of [Mr. Meyers's] hair and referred to him as Tiger Woods."[6] Autodesk senior management allegedly "commented and laughed at the photo as well as the Tiger Woods comments."[7] Throughout his time with Autodesk, Mr. Meyers also endured sarcastic "compliments" from some of his coworkers. Specifically, his coworkers allegedly told him that "he was able to speak correctly and had an 'eloquent tone.'"[8]

Mr. Meyers "reported his issues to human resources" on May 14, 2021.[9] "It was determined that the behavior towards [Mr. Meyers] went against culture code and against a working together policy."[10] But Autodesk did not discipline any of Mr. Meyers's coworkers or senior management.[11] Instead, Autodesk discharged Mr. Meyers.[12] Mr. Meyers then filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on July 27, 2021.[13] The EEOC informed Mr. Meyers on August 3, 2021, that it would "not proceed further with its investigation."[14] The EEOC's decision left Mr. Meyers free to file his own lawsuit against Autodesk. And Mr. Meyers did so on November 2, 2021.[15]

---

[6] *Id.*

[7] *Id.*

[8] *Id.* ¶ 7.

[9] *Id.* ¶ 8.

[10] *Id.*

[11] *Id.*

[12] *Id.* Mr. Meyers, in his EEOC Charge of Discrimination, said he was "constructively discharged." Ex. A (EEOC Charge) to Compl. (Doc. 2).

[13] Ex. A (EEOC Charge) to Compl. (Doc. 2).

[14] Ex. B (Dismissal and Notice of Rights) to Compl. (Doc. 2).

[15] Compl. (Doc. 2) at 1.

Mr. Meyers chose to file this lawsuit in Arkansas.[16]  Autodesk says Arkansas is the wrong place for this case to be heard.[17]  That's because (1) Mr. Meyers worked for Autodesk in Atlanta, Georgia,[18] and (2) Autodesk "has no office or other physical location in the state of Arkansas . . . ."[19]  Mr. Meyers admits that he worked in Georgia when he was an Autodesk employee.[20]  That concession is the whole ball game.

## DISCUSSION

Under Title VII, venue is proper in any judicial district where (1) the unlawful employment practice allegedly occurred, (2) relevant employment records are kept, or (3) the plaintiff would have worked but for the alleged unlawful employment practice.[21]  Neither party argues that the relevant-employment-records provision applies.  So the Eastern District of Arkansas is a proper venue only if (1) the alleged discrimination occurred in this district, or (2) Mr. Meyers would have worked in this district absent the alleged discrimination.  Autodesk makes both a facial and a factual attack on venue in this district.  A facial attack is limited to the face of Mr. Meyers's

---

[16] Mr. Meyers filed this lawsuit in Arkansas state court.  *Id.*  Autodesk removed the case to federal court on January 27, 2022.  Notice of Removal (Doc. 1).

[17] Def.'s Mot. to Dismiss (Doc. 20).

[18] Ex. A (Schuchardt Decl.) to Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 21-1) ¶ 4.

[19] *Id.* ¶ 3.

[20] Mr. Meyers tried his best to avoid conceding that he worked in Georgia, not Arkansas.  In his Complaint, he alleged that he "was at all times . . . a resident of Conway, Faulkner County, Arkansas."  Compl. (Doc. 2) ¶ 1.  And in his briefing, he argued that he was a remote employee with the ability to travel to and from Arkansas.  *See* Br. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 23) at 1; Br. in Supp. of Pl.'s Am. Resp. to Def.'s Mot. to Dismiss (Doc. 27) at 1.  These contentions suffered from two major deficiencies: (1) neither an allegation in a complaint nor an argument in a brief constitutes evidence that can be considered in response to Autodesk's factual attack on venue; and (2) Mr. Meyers's statements were extremely (and it seems purposefully) vague.  So the Court ordered Mr. Meyers to "submit an affidavit or a declaration that clearly states where (geographically) Plaintiff worked while an employee for Defendant."  Aug. 17, 2022 Order (Doc. 28).  Mr. Meyers said only that he took "trips to Arkansas for personal reasons."  Meyers Aff. (Doc. 29) ¶ 2.  Otherwise, Mr. Meyers said he "had a Georgia address," and that his "taxes were filed" in Georgia.  *Id.* ¶ 1.

[21] 42 U.S.C. § 2000e-5(f)(3).  There is also a fourth option: "[I]f the [defendant] is not found within any" of the first three locations, the suit "may be brought within the judicial district in which the [defendant] has [its] principal office."  *Id.*  Neither party attempts to argue that this fallback provision applies.

Complaint. A factual attack considers evidence outside of the pleadings, such as affidavits or declarations.[22]

Autodesk's facial attack is a bit shaky. Mr. Meyers's Complaint doesn't explicitly try to establish venue anywhere. Indeed, there is only one allegation in the Complaint that can be said to touch on venue: Mr. Meyers "was at all times . . . a resident of Conway, Faulkner County, Arkansas."[23] To be sure, this leaves much to be desired—but it isn't nothing. A facial attack requires the Court to give Mr. Meyers all reasonable inferences.[24] And it is reasonable to infer that Mr. Meyers lived and worked in the same place—Conway, Arkansas. Conway is in the Eastern District of Arkansas. So, by the slimmest possible margin, Mr. Meyers's Complaint would be sufficient to survive a facial attack on venue.

Autodesk's factual attack fares much better. The factual attack is based on a sworn declaration from Laura Schuchardt, Autodesk's Senior Director of People Services.[25] The main takeaway from Ms. Schuchardt's declaration is that Mr. Meyers worked only in Atlanta, Georgia.[26] Mr. Meyers concedes that point.[27] If Mr. Meyers worked only in Georgia, then it is essentially impossible for the Court to conclude that the alleged workplace discrimination occurred in the

---

[22] Courts typically do not consider such evidence when resolving a motion to dismiss. When determining whether a given venue is proper, however, many circuit courts allow consideration of evidence outside the pleadings. *See Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019); *Aggarao v. MOL Mgmt. Co., Ltd.*, 675 F.3d 335, 365–66 (4th Cir. 2012); *Deb v. SIRVA, Inc.*, 832 F.3d 800, 809–10 (7th Cir. 2016); *Petersen v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013); *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998); *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008). That's because venue, unlike a motion to dismiss for failure to state a claim, has no relation to the merits of a plaintiff's claim. It seems that the Eighth Circuit has yet to consider this issue. But district courts within the Eighth Circuit have followed the out-of-circuit trend. *E.g.*, *Spanier v. Am. Pop Corn Co.*, No. C15-4071-MWB, 2016 WL 1465400, at *10 (N.D. Iowa Apr. 14, 2016); *BTC-USA Corp. v. Novacare*, No. 07-3998 ADM/JSM, 2008 WL 2465814, at *2 (D. Minn. June 16, 2008) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)).

[23] Compl. (Doc. 2) ¶ 1.

[24] *Cf. Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016).

[25] Ex. A (Schuchardt Decl.) to Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 21-1) ¶ 2.

[26] *Id.* ¶ 4.

[27] *See supra* note 20.

Eastern District of Arkansas.  Likewise, there is no basis for the Court to conclude that Mr. Meyers would have (absent the alleged discrimination) worked for Autodesk in this district.

## CONCLUSION

For the reasons provided above, Autodesk's Motion to Dismiss is GRANTED.[28]  Mr. Meyers's Complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 7th day of October 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[28] The district court "shall dismiss" any case filed in an improper venue unless transferring the case to a proper venue is "in the interest of justice . . . ." 28 U.S.C. § 1406(a). Autodesk requested that the case be transferred to the Northern District of Georgia if the Court determined that outright dismissal is inappropriate.  Br. in Supp. of Def.'s Mot. to Dismiss (Doc. 21) at 4; Reply in Supp. of Def.'s Mot. to Dismiss (Doc. 25) at 4.  Mr. Meyers has given the Court no reason to think that it should transfer his case.  To the contrary, Mr. Meyers has essentially disclaimed any interest in pursuing his case anywhere but Arkansas.  *See* Br. in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss (Doc. 23) at 2–4; Br. in Supp. of Pl.'s Am. Resp. to Def.'s Mot. to Dismiss (Doc. 27) at 2–4.  Accordingly, the Court will not transfer this case.